NCCAAOMAH                    Supervised Release Hearing

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

                v.                      23 CR 72 (RMB)

MARK O'MARA,

                Defendant.

------------------------------x

                                        New York, N.Y.
                                        December 12, 2023
                                        9:00 a.m.


Before:

                HON. RICHARD M. BERMAN,

                                        District Judge


                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
CATHERINE GHOSH
     Assistant United States Attorney

LAUREN RIDDELL
     Attorney for Defendant O'Mara

ALSO PRESENT:  HILLEL GREEN, USPO, SDNY


                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

(Case called)

THE COURT:  Today's proceeding I just want to make sure that we are implementing or have implemented the terms and conditions of Mr. Omara's probation.  So who knows about what's been implemented?

MS. ROSE:  Good morning, your Honor.  Jennifer Rose, on behalf of probation.

So just a brief summary of the overall good start that Mr. O'Mara's had on supervision.  As your Honor is aware, he was sentenced on November 29th of this year, 2023.  As far as his special assessment fee that was paid in full, the $400 was paid in full on that same day, as well as his restitution in the amount of $225,087.26 was also paid in full on that date.

Overall, he's maintained his self-employment with a company that he and his wife own which they began in 2022.  Mr. O'Mara has provided his 2022 tax returns, as well as a recent invoice from his job which shows that he has been working as reported.  He maintains a stable residence with his wife.

As far as his special condition, you know we understand that your Honor wants him to proceed with intake for substance abuse treatment or mental health counseling.  right now he is currently scheduled for intake for December 27, 2023, at four a.m. with St. Marks in Manhattan.  This was the only date that they had in this year.  Anything otherwise would have

to be scheduled in 2024.

Additionally, we have two pending drug tests from December 6th and December 11th. Those are still pending as I mentioned but we of course, we will keep your Honor abreast of those results.

Additionally, in regard to the 250 hours of community service, we've provided him with a list of community service sites, as well as a sheet with which to record his hours and he has been directed to begin his community service in order to get that completed.

THE COURT: Has that started?

MS. ROSE: I don't believe so, your Honor. I believe he was just given the list of sites yesterday but he can update the Court if there is otherwise updates on that.

THE COURT: Okay. So the probation cases are somewhat akin to supervised release cases in some respects. And in these and particular in this case, the special conditions relating to mental health, relating to drug testing, et cetera and community service, and what I plan to do in this case as I do in supervised release cases, is to have periodic hearings or conferences, whatever you want to call them, to just make sure everything is on track and being implemented.

So I will set another date for January which will follow the intake on December 27th and I'm eager to get everything in place, including the community service and the

mental health and drug treatment or whatever the intake process suggests as appropriate to fulfill the special conditions.

So, any questions from Mr. O'Mara or counsel?

MS. RIDDELL: No question with respect to any of that, your Honor. We agree Mr. O'Mara has made a good start with respect to meeting all of the conditions of his probation. He is firmly committed to meeting the rest of the conditions.

THE COURT: New counsel might be able to help in expediting community service perhaps, for example, to get him signed up and --

MS. RIDDELL: We're also looking to pay his forfeiture soon. That's in process. We spoke with the government this morning and plan to reach out to the marshal's office with respect to a payment plan.

THE COURT: That has the amount of about 258,000?

MS. RIDDELL: Yes, your Honor.

THE COURT: Okay. That's something we can discuss also in January.

I'm sorry. I didn't mean to cut you off.

MS. RIDDELL: Additionally, we wanted to make an application to the Court with respect to a travel request. We understand that it's only been several weeks since sentencing but given the holiday season, Mr. O'Mara has had a planned trip prior to sentencing and he requests that the Court permit him to travel from December 17th to December 30th. The 17th to the

22nd would be spent in the District of Maryland. The 22nd to the 30th would be spent in the Middle District of Pennsylvania. Mr. O'Mara has family. We just want to note for the Court that this trip is significantly important to Mr. O'Mara's two children and if the travel request is denied the family will have to stay here for the holidays. His wife is unable to drive long distances due to an anxiety problem. We spoke briefly with the government. They have no objection, as I understand it.

THE COURT: So I don't have any objections either. In fact, I encourage it. That's typically a matter that the probation department, you know they want to know the details, et cetera, of the travel and I want to know if they approve. I have no objections to the travel which I take it --

MS. ROSE: So, as probation's usual policy is no travel within the first six months to allow stability. But of course, we defer to the Court and your Honor and we do recognize that it's the holiday season our only concern would be then we would have to reschedule his treatment intake, which I know he is aware of the fact that that treatment intake is scheduled for December 27th. If it was rescheduled it would be some time at least in January.

THE COURT: Can we keep that date?

MS. RIDDELL: We absolutely can keep that date.

THE COURT: I thought so. And that's quite important

to me to not only have the intake but also to process the, again, special conditions and get signed up and raring to go, so to speak.

I must say that in other respects made a terrific start, right, paying money and now talking about a forfeiture as well and a special assessment of $400. These other special conditions are also important to the Court and the community, et cetera, and I'm sure you will implement those quickly. So I think because of the holiday season, I think that travel is appropriate.

MS. RIDDELL: Thank you, your Honor.

THE COURT: I'm sorry. Probation, did you want to add anything?

MS. ROSE: No, your Honor.

THE COURT: Okay. You're comfortable and satisfied with the implementation of probation so far?

MS. ROSE: Yes, your Honor. Everything appears to be in progress and we're making the steps toward what needs to be completed. We would just ask for a clarification once we get the next court date schedule whether it's going to be in-person or as scheduled.

THE COURT: That's up to you all. I certainly want the first one to be in-person. I'm happy to have the second one in-person as well or have it done virtually.

I would say this. If the report is going to be

positive with respect to each of those conditions, I'd be less inclined to require it to be in the courtroom, but if there are still loose ends, I would want it to be in person.

MS. GHOSH:  If I were to make a judgment right now I would say that virtual would be fine.  I can see things continuing on that positive path.  Of course, if that were to change, we can always notify your Honor and request that it be in-person instead.

THE COURT:  Counsel, do you think that the mental health and the drug treatment and the community service will have been implemented by a date in January?

MS. RIDDELL:  It's our intention we have every intention of doing so.  Yes, your Honor, we do have a slight preference for in-person.

THE COURT:  Okay.  That's fine.  I'm here and we'll pick a date and I'm sure everybody can be as well.  In-person is absolutely fine.

MS. RIDDELL:  Thank you.

THE COURT:  How is January 17th?  It's a Wednesday. Does that work, everybody?

MS. RIDDELL:  Yes, your Honor.

MS. GHOSH:  That's fine for the government, your Honor.

THE COURT:  At 9:30.  Does that work?

MS. RIDDELL:  Yes.

MS. GHOSH:  Yes, your Honor.

THE COURT:  So two questions.  One for probation.  I'm less familiar with the probation process, so to speak, in probation matters.  I'm more familiar with supervised release. Is it comparable in terms of the role of the probation officer?

MS. ROSE:  Yes, your Honor.  It's pretty much identical.  It's a difference in the matter of time-served versus having served a period of incarceration as well.

THE COURT:  Okay.  Great.  And it is also my practice to hear from the supervisor, the probation person for Mr. O'Mara.  In any event, if you wish to be heard, I'm happy to hear from you.

THE DEFENDANT:  Your Honor, I just want to say that I have every intention and happy to go forward through the two prescribed treatments and therapy sessions.  I thank you very much for the opportunity to spend time with my family over the holidays and look forward to seeing you in January reporting on more significant progress.

THE COURT:  Great.  You are very welcome and I think this is really going to be a very productive process here and appreciate your taking these steps early on.  So I think that's it then.  We'll be right here in the courtroom on January 17th at 9:30.  How is that?  Good to see you all.  Have a great holiday everybody.

(Adjourned)