# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

DANIEL AMATO
DANIEL R. ANDERSON
PETER J. ARMENIO
HELENE R. BANKS
ANIRUDH BANSAL
LANDIS C. BEST
CHRISTOPHER BEVAN
BROCKTON B. BOSSON
DONNA M. BRYAN
SARAH W. CHEN
EMEKA C. CHINWUBA
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
LEWIS RINAUDO COHEN
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
ADAM M. DWORKIN
ANASTASIA EFIMOVA
SAMSON A. ENZER
JAMES Z. FANG
GERALD J. FLATTMANN JR.

KIERSTEN A. FLETCHER
HELENA S. FRANCESCHI
JOAN MURTAGH FRANKEL
JONATHAN J. FRANKEL
SESI GARIMELLA
ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
CRAIG M. HOROWITZ
TIMOTHY B. HOWELL
COLLEEN TRACY JAMES
DAVID G. JANUSZEWSKI
BRIAN S. KELLEHER
ANDREW R. KELLY
RICHARD KELLY
CHÉRIE R. KISER ‡
JOEL KURTZBERG
TED B. LACEY
ANDREW E. LEE
ALIZA R. LEVINE
JOEL H. LEVITIN

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM
_____

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

221 W. 10th STREET, 3rd FLOOR
WILMINGTON, DE 19801
(302) 884-0000

CAHILL GORDON & REINDEL (UK) LLP
20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800
_____

WRITER'S DIRECT DIAL
(212) 701-3125

MARK LOFTUS
JOHN MacGREGOR
TRISTAN E. MANLEY
BRIAN T. MARKLEY
MEGHAN N. McDERMOTT
EDWARD N. MOSS
JOEL MOSS
NOAH B. NEWITZ
EDWARD C. O'CALLAGHAN
JULIANA OBREGON
JAVIER ORTIZ
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THOMAS ROCHER *
PETER J. ROONEY
MATTHEW E. ROSENTHAL
THORN ROSENTHAL
TAMMY L. ROY

ANDREW SCHWARTZ
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
GREGORY STRONG
SUSANNA M. SUH
SEAN R. TIERNEY
AMIT TREHAN
JOHN A. TRIPODORO
HERBERT S. WASHER
FRANK WEIGAND
MILES C. WILEY
PETER G. WILLIAMS
DAVID WISHENGRAD
C. ANTHONY WOLFE
ELIZABETH M. YAHL

* ADMITTED AS A SOLICITOR IN
ENGLAND AND WALES ONLY

‡ ADMITTED IN DC ONLY

December 17, 2024

**BY ECF AND EMAIL**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States* v. *O'Mara*, No. 23 Cr. 72 (RMB)

Dear Judge Berman:

We respectfully submit this letter on behalf of our client, Mark O'Mara, in advance of the probation hearing scheduled for December 19, 2024 before Your Honor. As the parties discussed at the last probation conference in this case, Mr. O'Mara is grateful and appreciative to the Court for indicating that the Court intends to terminate his term of probation effective as of December 31, 2024 in light of his demonstrated compliance with the terms of his probation. If the Court is so inclined, we also respectfully request that the Court make the below-described findings on the record in doing so, as they would aid Mr. O'Mara's forthcoming petition to the Federal Emergency Management Agency (FEMA) to reconsider the scope and duration of his current debarment from certain federal government activities. A reduction of that debarment would help Mr. O'Mara return to gainful employment in his life-long area of expertise as a disaster recovery consultant supporting FEMA projects.

As the Court is aware, Mr. O'Mara was sentenced on November 29, 2023 to a term of probation following his guilty plea, pursuant to a cooperation agreement with the government, to offenses relating to his work as an emergency management consultant providing Hurricane Sandy-related disaster recovery services to New York City. Since his probation began, Mr. O'Mara has shown his extraordinary commitment to rehabilitation. Notably, Mr. O'Mara fully satisfied his restitution and forfeiture obligations almost immediately following his sentencing and has completed more than the 250 hours of required community service. He has participated in weekly therapy sessions without absence and has passed all of his drug screenings over nearly two years

CAHILL GORDON & REINDEL LLP

-2-

since his guilty plea on February 7, 2023.  Mr. O'Mara's conduct while on probation has clearly demonstrated his commitment to rebuild his life and to reintegrate as a law-abiding, productive member of society.

Despite his best efforts to date, Mr. O'Mara's current debarment from participating in federal contracting programs significantly limits his ability to secure meaningful employment and provide for his wife and three young children.  While the Court does not have a formal role in debarment proceedings, FEMA allows for reconsideration of debarment duration and scope when a petition presents mitigating factors or evidence in support of doing so.  The purpose of the FEMA "debarment and suspension system is to exclude persons who are not *presently* responsible" from doing business with FEMA.  2 C.F.R. § 180.125(b).  Debarment "is a serious action that a Federal agency may take only to protect the public interest" and FEMA "may *not* exclude a person or commodity for the purposes of punishment."  2 C.F.R. § 180.125(c) (emphasis added).  Even if a debarment is appropriate at one point in time, a "debarring official may [later] reduce or terminate" the debarment based on a variety of factors, including "newly discovered material evidence," "elimination of other causes for which the debarment was imposed," or any "other reasons the debarring official finds appropriate."  2 C.F.R. § 180.880.

Here, Mr. O'Mara respectfully requests this Court formally acknowledge his substantial and impressive progress, and recognize that the public interest is no longer served by excluding him from his profession.  In the nearly eighteen months since receiving an initial Notice of Proposed Debarment from FEMA, Mr. O'Mara has paid all financial penalties associated with his probation, performed hundreds of hours of community service, and complied with every term of his probation without fail.  In addition to terminating his probation as a result of these significant accomplishments, we respectfully request the Court also find that:

1.  Mr. O'Mara is presently a responsible individual.

2.  Mr. O'Mara does not presently pose a threat to the public interest.

3.  Allowing Mr. O'Mara to resume disaster recovery consulting work supporting disaster-stricken communities aligns with both public and federal interests.

These findings by the Court — if made either in writing or orally during the December 19 hearing before the Court — will enable Mr. O'Mara to present them in his request for reconsideration to FEMA.  Reducing the scope or duration of the debarment would not only benefit Mr. O'Mara and his family but also allow him to contribute meaningfully to communities recovering from natural disasters.

CAHILL GORDON & REINDEL LLP

-3-

      We respectfully thank You Honor for your consideration of these requests. We remain available to provide any further information or clarification as needed.

Respectfully submitted,

*/s/ Samson A. Enzer*
Samson A. Enzer
Kiersten A. Fletcher

cc:   U.S.P.O. Karen Rosero
      A.U.S.A. Jane Kim
      A.U.S.A. Catherine Ghosh